# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ANGELA D. KING

VERSUS

STATE PLUMBING BOARD OF
LOUISIANA, ASHLEY E. JONES
AND ASHLEIGH W. CAMBRE

NO. 2022 CW 1311

APRIL 24, 2023

---

In Re:     State Plumbing Board of Louisiana, Ashley E. Jones,
           and Ashleigh W. Cambre, applying for supervisory
           writs, 19th Judicial District Court, Parish of East
           Baton Rouge, No. 645443.

---

**BEFORE:    GUIDRY, C.J., WOLFE AND MILLER, JJ.**

**WRIT GRANTED IN PART; DENIED IN PART.** In a summary judgment, the burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D). Pursuant to a de novo review, we find defendants pointed out the absence of factual support that defendant, Ashleigh Cambre, had any involvement in any action that was instituted against plaintiff, Angela King, which became the basis of Ms. King's malicious prosecution and intentional infliction of emotional distress claims. Ms. King offered no evidence in opposition to the motion for summary judgment to show that a genuine issue of material fact exists as to whether Ashleigh Cambre had any involvement in any action instituted against Ms. King. Because Ms. King failed to provide sufficient factual support to establish the existence of a genuine issue of material fact or that Ashleigh Cambre is not entitled to judgment as a matter of law, summary judgment is appropriate. Accordingly, we grant this writ in part, reverse the trial court's November 2, 2022 judgment in part, and grant summary judgment in favor of defendant, Ashleigh Cambre, and dismiss her from this litigation. In all other respects, the writ is denied.

JMG
EW
SMM

COURT OF APPEAL, FIRST CIRCUIT

a.SnO
_____
DEPUTY CLERK OF COURT
FOR THE COURT